FILED
10/13/2026
CLERK, U.S. DISTRICT COURT
ALEXANDRIA, VA

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**ALEXANDRIA DIVISION**

| | | |
|---|---|---|
| **TIRON ALEXANDER**, | ) | Civil Action No. 1:26-cv-03354 (RDA/WBP) |
| | ) | |
| Plaintiff, | ) | **FIRST AMENDED CIVIL COMPLAINT** |
| | ) | |
| v. | ) | |
| | ) | |
| **VOLKSWAGEN GROUP OF AMERICA, INC.**, | ) | |
| | ) | |
| Defendant. | ) | |

Plaintiff Tiron Alexander, appearing pro se, alleges as follows against Defendant Volkswagen Group of America, Inc. ("VWGoA"), seeking damages and such other relief as may be available under applicable substantive law, pursuant to the Court's Order of October 8, 2026.

## I. JURISDICTION AND VENUE

1. **Subject-Matter Jurisdiction.** Plaintiff invokes diversity jurisdiction under 28 U.S.C. § 1332. Plaintiff alleges that he is a citizen of Texas and domiciled in Longview, Texas. Plaintiff alleges that Defendant Volkswagen Group of America, Inc. is incorporated under New Jersey law and has its principal place of business at 1950 Opportunity Way, Reston, Virginia 20190. Plaintiff alleges that the amount in controversy exceeds $75,000, exclusive of interest and costs.

2. **Venue.** Plaintiff alleges that venue is proper in this District under 28 U.S.C. § 1391(b)(1) and (c)(2), because Defendant is a corporation subject to personal jurisdiction in this District for venue purposes. Plaintiff relies on Defendant's alleged principal place of business in Reston, Virginia.

## II. APPLICABLE SUBSTANTIVE LAW

3. Plaintiff alleges that Texas substantive law applies to his products-liability and negligence claims because the Vehicle was operated and the collision occurred in Texas. The Court's applicable choice-of-law analysis governs.

4. Federal procedural rules govern procedure and discovery in this action. Plaintiff does not assert an independent tort claim for spoliation of evidence. Any request for preservation relief or spoliation-related sanctions must satisfy the applicable legal standards and be supported by the record.

## III. ALLEGATIONS REGARDING THE VEHICLE AND COLLISION

5. Plaintiff alleges that he owned a 2021 Volkswagen Atlas, VIN 1V2TR2CA6MC583146 ("the Vehicle").

6. Before April 2026, Plaintiff experienced drivability problems, including fuel-delivery concerns and sudden power drops. Plaintiff alleges that he presented the problems to authorized Volkswagen-network dealerships in Grapevine and Lewisville, Texas, for diagnosis or repair.

7. Plaintiff identifies Volkswagen Policies and Procedures Bulletin No. VWP-23-04, dated April 20, 2023, as relevant to his allegation that the Vehicle's evaporative-emissions (EVAP) carbon-canister assembly or related systems were defective. Plaintiff relies on the bulletin as part of the factual basis for his defect theory.

8. On April 7, 2026, while driving on U.S. Highway 75 in Dallas, Texas, Plaintiff alleges that the Vehicle suddenly lost engine power and braking assistance and collided with an exit barrier. Plaintiff alleges that the collision caused substantial front-end damage. The precise mechanical cause and relationship between any EVAP condition, power loss, braking assistance, and the collision remain issues to be established by admissible evidence.

## IV. ALLEGATIONS CONCERNING THE CRASH REPORT

9. The Texas Peace Officer's Crash Report identified as Crash ID 21366236.1 includes a notation that the driver may have been "fatigued or asleep." Plaintiff disputes that characterization and alleges that the vehicle's sudden operational problems caused the crash sequence. Plaintiff disputes the accuracy and evidentiary weight of the notation.

10. Plaintiff alleges that the officer also issued Citation No. C22189307 for failure to maintain financial responsibility.

11. Plaintiff alleges that, on May 11, 2026, the Dallas Municipal Court entered a compliance dismissal in Docket No. 25166667. Plaintiff contends that this disposition is relevant to the citation and to his challenge to the crash report. Plaintiff does not allege that the disposition alone establishes that the separate fatigue notation is false.

12. Plaintiff contends that the citation and its disposition are relevant to evaluating the crash report, but does not allege that the disposition alone establishes that the separate fatigue notation is false. Plaintiff disputes the fatigue notation and reserves the right to challenge the report's reliability using admissible evidence.

13. Plaintiff references Federal Rules of Evidence 803(8) and 806 only to the extent applicable to the admissibility and evaluation of the crash report and any hearsay statements. Plaintiff recognizes that the report's admissibility and weight are matters for determination on the evidentiary record.

## V. CAUSES OF ACTION

### COUNT I — TEXAS PRODUCTS LIABILITY: ALLEGED DESIGN AND/OR MANUFACTURING DEFECT

14. Plaintiff incorporates paragraphs 1–13 as though fully set forth here. Plaintiff asserts this claim under Texas products-liability law, including applicable Texas common law and Chapter 82 of the Texas Civil Practice and Remedies Code to the extent applicable.

15. Plaintiff alleges that Defendant participated in the design, manufacture, distribution, or sale of the Vehicle and that the Vehicle was in a defective and unreasonably dangerous condition when it left the relevant chain of distribution. The precise role and conduct attributable to Defendant are matters to be established through the available records and evidence.

16. Plaintiff alleges that the EVAP carbon-canister assembly or related vehicle systems contained a defect that caused or contributed to the sudden loss of engine power and the collision. Plaintiff alleges a manufacturing defect to the extent the Vehicle deviated from its intended specifications, and a design defect to the extent the evidence establishes the elements required by Texas law, including any required safer-alternative-design element. The specific technical facts and applicable elements remain subject to proof and must be supported by evidence.

17. Plaintiff alleges that the collision caused vehicle damage and personal injury. The nature and extent of those injuries and the causal connection to the alleged defect are to be established through evidence.

**COUNT II — NEGLIGENCE UNDER TEXAS COMMON LAW**

18. Plaintiff incorporates paragraphs 1–17 as though fully set forth here.

19. Plaintiff alleges that, to the extent Defendant was responsible for the relevant conduct, it owed duties of reasonable care under Texas law concerning applicable testing, safety monitoring, warnings, and other conduct relating to the Vehicle.

20. Plaintiff alleges that Defendant breached applicable duties by failing to reasonably address the alleged defect or associated safety risks, including by failing to take reasonable measures concerning the reported drivability problems and alleged defect. Plaintiff alleges that the breach was a proximate cause of the collision and resulting injuries and damages.

21. Plaintiff alleges that, after the collision, he received emergency medical care at Texas Health Presbyterian Dallas and Longview Regional Medical Center, and incurred medical expenses. Plaintiff estimates that medical bills, diagnostic services, and emergency care total $48,750, with

additional treatment expenses. Plaintiff seeks recovery of the medical expenses and other damages to the extent recoverable and proven under applicable law.

22. Plaintiff further alleges that he experienced economic hardship, bodily pain, and mental anguish as a result of the collision.

## VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests judgment against Defendant for damages proven at trial, including recoverable medical expenses and other damages permitted by law, costs as allowed, and such further relief as the Court deems just and proper. Plaintiff alleges that the amount in controversy exceeds $75,000, exclusive of interest and costs.

Dated: October 13, 2026

Respectfully submitted,

/s/ Tiron Alexander
Tiron Alexander, Plaintiff pro se
4400 Amon Carter Blvd
Fort Worth, Texas 76155
Telephone: (404) 448-9104
Email: Tee833833@gmail.com